UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOARD OF EDUCATION OF THE CITY OF CHICAGO,<br><br>    Plaintiff,<br><br>v.<br><br>ILLINOIS STATE BOARD OF EDUCATION, and NAOMI WALKER, parent and next friend of RAMIE P., a minor,<br><br>    Defendants. | No. 09 C 6571<br><br>Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

The Board of Education of the City of Chicago ("Plaintiff") brings this action against the Illinois State Board of Education ("ISBE") and Naomi Walker ("Walker"), parent and next friend of Ramie P., a minor, (collectively, "Defendants")[1] pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq.* (R. 1, Compl.) Plaintiff seeks to appeal the ISBE's Impartial Hearing Officer's decision that ordered it to deliver the compensatory services agreed to in Ramie's Individual Education Plan ("IEP") within 10 days. (*Id.* ¶ 11.) Presently before the Court are the parties' cross motions for summary judgment. (R. 19, Pl.'s Summ. J. Mot.; R. 22, Def.'s Summ. J. Mot.) For the reasons stated below, Defendant's motion is granted and Plaintiff's motion is denied.

---

[1] On April 15, 2010, the ISBE filed an unopposed motion to be dismissed from this action. (R. 32, ISBE's Mot. to Dismiss.) The Court granted the motion on April 16, 2010. (R. 34, Min. Entry.) Accordingly, Walker remains as the only defendant in this case and hereafter will be referred to as "Defendant."

## RELEVANT FACTS[2]

Ramie was declared eligible for special education and related services while enrolled in Chicago Public Schools ("CPS"). (R. 21, Pl.'s Facts ¶ 3.) On August 6, 2008, Defendant filed a due process complaint alleging that Plaintiff had denied Ramie a free appropriate public education ("FAPE"). (*Id.* ¶ 4; R. 23, Def.'s Facts ¶ 9.) As relief, Defendant requested that Plaintiff be required to convene and develop an appropriate IEP for Ramie. (*Id.* ¶ 10.) In addition, Defendant requested compensatory services including: one-on-one tutoring, speech language and occupational therapy services, assistive technology, and other appropriate relief. (*Id.* ¶ 11.) In response to Defendant's complaint, the ISBE appointed Impartial Hearing Officer, Mary Onken (the "IHO"). (*Id.* ¶ 12.) The IHO ordered the parties to participate in an IEP meeting on November 12, 2008. (*Id.* ¶ 15.)

During the November 12 meeting, an IEP was created for Ramie that authorized six weeks of summer school and placement in a therapeutic day school (the "November 12 IEP"). (R. 21, Pl.'s Facts, Ex. C, Nov. 12 IEP.) The November 12 IEP also indicated that Plaintiff would provide compensatory services for Ramie including two years of tutoring and speech therapy, reimbursement for tutoring paid for by the parent in the last two years, and software for a home computer. (*Id.* at 19.)

On November 26, 2008, Defendant requested another due process hearing claiming, in part, that Plaintiff had failed to implement the November 12 IEP within ten days as required by state regulations. (*Id.* ¶ 9; R. 23, Def.'s Facts ¶ 23.) As a remedy, Defendant requested that Plaintiff "immediately" provide Ramie with tutoring, speech services, and reimbursement for

---

[2] The Court takes the undisputed facts from the parties' Local Rule 56.1 Statements. (R. 21, Pl.'s Facts; R. 23, Def.'s Facts.)

2

past tutoring services. (*Id.* ¶ 32.) Plaintiff, however, took the position that it had implemented the November 12 IEP and that there was no absolute date to commence providing the agreed upon tutoring and speech services. (*Id.*)

The IHO made efforts to resolve this matter and, on May 6, 2009, sent a letter to the parties seeking clarification of their respective positions regarding implementation of compensatory services. (*Id.* ¶ 34.) Plaintiff responded to the IHO's request indicating that reimbursement for tutoring services had been issued and tutoring would start after the current school semester. (*Id.* ¶ 35.) Defendant objected to this response because it did not indicate a specific date for the tutoring services to begin. (*Id.* ¶ 36.)

On May 10, 2009, Defendant filed a motion for summary judgment requesting that the IHO issue a final order directing Plaintiff to implement the November 12 IEP related to compensatory services. (*Id.* ¶ 39.) At the direction of the IHO, the parties participated in a resolution session on May 12, 2009. (*Id.* ¶ 40.) During the session, Plaintiff indicated that the names and credentials of the providers and the start date for compensatory services would be provided in two weeks. (*Id.*) Later, on June 16, 2009, Plaintiff advised the IHO that it was still "working on facilitating" the compensatory services agreed upon in the November 12 IEP. (*Id.* ¶ 41.)

On June 21, 2009, the IHO found that there was no genuine issue of fact and issued an order granting Defendant's motion for summary judgment. (*Id.* ¶ 43.) Specifically, the IHO found that based on Plaintiff's admissions that they were still "working on facilitating" the agreed upon compensatory services, the November 12 IEP had not been implemented in full. (R. 21, Pl.'s Facts, Ex. A, IHO's June 21 Order at 7.) In addition, the IHO found that Defendant had provided a legal basis to demand that the IEP be implemented in a timely manner, while Plaintiff

3

failed to provide any state or federal regulations or case law in support of its claim that they were not required to implement the November 12 IEP within 10 days. (*Id.* at 7-8.) Accordingly, the IHO's order directed Plaintiff to implement the compensatory services of the November 12 IEP within ten days of receipt of the decision.[3] (*Id.* at 9.)

## PROCEDURAL HISTORY

On October 19, 2009, Plaintiff filed a complaint with this Court pursuant to the IDEA requesting that the IHO's summary judgment decision be reversed. (R. 1, Comp.) Plaintiff claims compensatory services are not required to be delivered within ten days of an IEP and that this decision was "outside the authority" of the IHO. (*Id.* ¶¶ 10-11.) On March 2, 2010, the parties filed cross motions for summary judgment. (R. 19, Pl.'s Summ. J. Mot.; R. 22, Def.'s Summ. J. Mot.)

## LEGAL STANDARD

The standard of review in cases brought under the IDEA "differs from that governing the typical review of summary judgment." *Heather S. v. State of Wisconsin*, 125 F.3d 1045, 1052 (7th Cir. 1997). A motion for summary judgment in an IDEA case "is simply the procedural vehicle for asking the judge to decide the case on the basis of the administrative record." *Id.* The

---

[3] Defendant seeks to supplement the administrative record with additional evidence illustrating efforts to secure compliance with the IHO's June 21 order. (R. 22, Def.'s Summ. J. Mot.) The Court has discretion to hear such additional evidence. *See Monticello Sch. Dist. No. 25 v. George L.*, 102 F.3d 895, 901 (7th Cir. 1996) ("the determination of whether to allow additional evidence under [the IDEA] 'must be left to the discretion of the trial court which must be careful not to allow evidence to change the character of the hearing from one of review to a trial *de novo*'") (internal citation omitted). Here, however, the Court finds that evidence illustrating further delay in the implementation of compensatory services after the IHO's June 21 order is not relevant to the issue of this case: whether it was erroneous for the IHO to order Plaintiff to deliver compensatory services within ten days. (*See* R. 1, Compl.) Accordingly, Defendant's motion to supplement the administrative record is denied.

4

IDEA provides that a district court: (1) "shall receive the records of the administrative proceedings"; (2) "shall hear additional evidence at the request of a party";[4] and (3) "basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(c).

The Seventh Circuit has instructed that because "school authorities are better suited than are federal judges to determine educational policy, the district court is required, in its independent evaluation of the evidence, to give due deference to the results of the administrative proceedings." *Beth B. v. Van Clay*, 282 F.3d 493, 496 (7th Cir. 2002). Therefore, on issues of fact, district courts must accord "due weight" to the decision of the hearing officer. *Alex R. v. Forrestville Valley Cmty. Unit Sch. Dist. No. 221*, 375 F.3d 603, 612 (7th Cir. 2004). However, district courts review the hearing officer's decisions of law *de novo*. *Id.* at 611.

## ANALYSIS

The IDEA requires states receiving federal funding to make a FAPE available to all children with disabilities residing in the state. 20 U.S.C. § 1412(a)(1)(A). Each eligible child must have an IEP, which is an education plan tailored to the child's unique needs. *Id.* at § 1412(a)(4), 1414(d). The IEP contains "a statement of the special education and related services ... to be provided to the child." *Id.* at § 1414(d)(1)(A)(IV). Further, the regulations of the IDEA provide procedural requirements, including a specification that "special education and related services are made available to the child" "[a]s soon as possible following development of the IEP." 34 C.F.R. § 300.323(c)(2). In addition, Illinois law that regulates the ISBE provides that

---

[4] Despite the "shall hear additional evidence" language of the statute, district courts have discretion to determine whether to hear such evidence. *See Monticello Sch. Dist. No. 25*, 102 F.3d at 901. As noted, the Court determined that additional evidence is not necessary in this case and therefore denied Defendant's motion to submit additional evidence.

5

"when an IEP has been developed or revised . . . implementation of the IEP shall occur no later than ten days after [notice of the action]." 23 Ill. Adm. Code § 226.220.

While Plaintiff does not dispute that generally IEP services must be implemented within ten days in Illinois, it argues that the "IDEA does not require implementation of compensatory services within ten days of an IEP." (R. 20, Pl.'s Summ. J. Mem. at 6.) As was the case before the IHO, Plaintiff fails to provide legal support for this argument. (*See id.*; R. 21, Pl.'s Facts, Ex. A, IHO's June 21 Order at 8.) The Illinois regulations make no distinction between compensatory and other services. *See* 23 Ill. Adm. Code § 226.220. The code simply states that the implementation of the IEP shall occur within ten days of notice. *Id.* Similarly, the IDEA regulations do not distinguish between compensatory services and non-compensatory services. *See* 34 C.F.R. § 300.323(c)(2) ("As soon as possible following development of the IEP, special education and related services are made available to the child in accordance with the child's IEP."). Accordingly, the Court finds that the IHO had statutory authority to demand that the IEP be implemented in a timely manner.[5]

Plaintiff claims that the IHO simply "inferred a denial of FAPE from the failure to implement [the agreed upon compensatory services] within ten days." (R. 20, Pl.'s Summ. J. Mem. at 7.) Plaintiff argues that "[t]his was not a permissible inference in the absence of a proper hearing." (*Id.* at 7-8.) The Court disagrees. A FAPE by definition requires that the instruction and services "comport with the child's IEP." *See Bd. of Educ. v. Rowley*, 458 U.S. 176, 188-89 (1982). As the court in *B.B. v. Perry Township School Corporation* reasoned, if

---

[5] Plaintiff argues that "compensatory services which are required following graduation or are required to commence after a child reaches a certain age may, in many circumstances, by definition, not be subject to implementation within ten days of an [IEP]." (R. 28, Pl.'s Resp. at 2-3.) This is undoubtedly true. In this case, however, Plaintiff failed to point to any such circumstances that would have prevented it from implementing the agreed upon compensatory services in a timely manner. (*See id.*)

6

Plaintiff's argument was accepted, "a school district could draft a detailed and elegant IEP, choose to ignore parts of it, and resist any remedy unless the child and his parents could show that the failures were in fact causing serious educational harm to the child." No. 07C323 & 07C731, 2008 U.S. Dist. LEXIS 53246, at * 27 (S.D. Ind. July 11, 2008). The Court finds that a showing of serious educational harm was not necessary to address the procedural violation in this case. *See id.* (finding that "a simple procedure to correct a relatively modest (and undisputed) failure" need not turn into "a global debate about the overall success of the child's educational program").

The record in this case is clear: the IEP was not implemented in a timely manner. (*See* R. 21, Pl.'s Facts, Ex. A, IHO June 21 Order at 8.) It is undisputed that over seven months after the November 12 IEP was created, Plaintiff had not provided the agreed upon compensatory services. (*Id.* at 6.) At the time of the IHO's decision, Plaintiff had not offered a specific start date for the compensatory services or contact information for the staff who would be providing the services. (*Id.*) In addition, the record was devoid of any practical difficulty encountered by Plaintiff that would have prevented implementation of the compensatory services. (*See id.*) Accordingly, Defendant's motion for summary judgment is granted.[6] The Court finds that the IHO's June 21 summary judgment decision was sufficiently supported by the record.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (R. 22) is GRANTED and Plaintiff's motion for summary judgment (R. 19) is DENIED. The clerk of the Court is directed to enter judgment in favor of Defendant.

---

[6] In her memorandum, Defendant also requests that the Court award attorney fees for the administrative proceeding and this instant appeal. (R. 24, Def.'s Summ. J. Mem. at 13.) Defendant, however, must file a separate motion for the Court to consider this issue.

7

Entered: _____
Judge Ruben Castillo
United States District Court

Dated:   September 29, 2010